# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

REX TREWIN,

       Plaintiff,

                                          Case No. 18-cv-00639, Courtroom A-502

v.

WIPRO ENTERPRISES LIMITED d/b/a WIPRO
LIMITED, WIPRO TECHNOLOGIES, and
WIPRO LIMITED,

       Defendant.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## SECOND MOTION FOR STAY OF PROCEEDINGS

Defendant Wipro Limited ("Wipro"), by and through its undersigned counsel, submits the following opposition to Plaintiff's Second Motion for Stay of Proceedings Pending Resolution of Equal Employment Opportunity Commission Investigation (Dkt No. 28) (the "Motion").

As an initial matter, Plaintiff did not confer with Wipro regarding the Motion, as required by Local Rule 7.1. On November 30, 2018, Wipro contacted Plaintiff's counsel via e-mail and asked whether Plaintiff intended to file any motion in light of the Court's November 26, 2018 Order. (Dkt. No. 27)  Wipro did not receive any response. Instead, it simply received Plaintiff's Motion when filed on December 12, 2018. Given Wipro's position articulated in the Parties' Joint Status Report (Dkt. No. 26), it is certainly no surprise that Wipro would oppose Plaintiff's Motion. But it undermines the purpose and spirit of Local Rule 7.1 to file a motion without abiding by the conferral requirement, even if Plaintiff assumes he knows what Wipro's response would be. It is particularly concerning that Plaintiff filed a motion *certifying* that the conferral requirements were met, (1) when there was no conference regarding Plaintiff's Motion; and (2)

where counsel failed to respond to Wipro's correspondence specifically asking whether Plaintiff intended to file such a motion.

In fact, Plaintiff's representation and assumption regarding Wipro's position is misleading. In the Parties' Joint Status Report, Wipro stated that it opposed Plaintiff's request for a ten-month total stay based on Plaintiff's request for a stay until *March 29,* 2019 – which would have resulted in a ten-month stay of the litigation. Wipro never represented that its position, generally, was an objection "to a stay longer than ten total months," as Plaintiff states in the Motion. That statement incorrectly implies that Wipro agreed, or would agree, to a stay extension of up to, or slightly less than, ten total months. That has never been Wipro's position.

Adherence to Local Rules aside, Wipro indeed opposes Plaintiff's Motion. The Motion requests a stay until <u>*May 23,*</u> 2019 – two months longer than Plaintiff requested in the Joint Status Report – which would result in a stay lasting an entire *year*. Plaintiff has already received a six month stay and has never even asked the EEOC for a Notice of Right to Sue. It is certainly Plaintiff's prerogative to decide whether he would like to participate in the EEOC's investigation or request a Right to Sue so that he can pursue his claims in court. But Plaintiff wants to have his cake and eat it too – preserving his FMLA claims, while he waits, virtually indefinitely, for the EEOC to complete its inquiry. Given that Plaintiff's employment ended over 2.5 years ago, Wipro is further prejudiced each passing month by not being able to timely defend itself against Plaintiff's FMLA allegations. Wipro objects to delaying the discovery and adjudication of this claim any further, and is prepared to refile its Motion to Strike Plaintiff's Jury Demand, Plaintiff's Allegations Unrelated to FMLA Interference, and Plaintiff's Request for Punitive Damages (Dkt. 18).

## CONCLUSION

WHEREFORE, Wipro respectfully requests that the Court enter an order denying Plaintiff's Motion, and for such further relief as the Court deems just and equitable.

**Date:  December 18, 2018**                               Respectfully submitted,

                                                           WIPRO LIMITED.

David J. Rowland*
drowland@seyfarth.com                                      By *s/ Sara Eber Fowler*
Sara Eber Fowler*
sfowler@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000

Brett Painter
Brett.Painter@dgslaw.com
Sterling LeBoeuf
Sterling.LeBoeuf@dgslaw.com
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202

Attorneys for Defendant WIPRO LIMITED

**\*** *Admitted to practice in the United States District Court for the District of Colorado*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on December 18, 2018, I electronically filed the foregoing document with the Clerk of the Court, via the Court's CM/ECF system, which sent notification of such filing to the following counsel of record:

     Rachel Ellis
     Livelihood Law, LLC
     3401 Quebec Street, Suite 6009
     Denver, Colorado 80207
     ree@livelihoodlaw.com

       */s/ Sara Eber Fowler*
      Sara Eber Fowler

53053416v.1